United States District Court
Southern District of Texas
**ENTERED**
September 07, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LORENZO DWAYNE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-351 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION

Plaintiff Lorenzo Dwayne Jones is a Texas inmate appearing *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges, as an inmate in the Texas Department of Criminal Justice – Criminal Institutions Divisions (TDCJ-CID), he has been required to work without compensation. Plaintiff brings this action for injunctive relief against the following officials in their individual and official capacities: (1) Lorie Davis, Director, TDCJ-CID; (2) David Gutierrez, Chairman, Texas Board of Pardons and Paroles; and (3) Dale Wainwright, Chairman, Texas Board of Criminal Justice. Having reviewed Plaintiff's complaint, his testimony at the *Spears*[1] hearing and applicable authorities and as set forth in more detail below, it is respectfully recommended that this action be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*)*.

## I.   JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned United States Magistrate Judge for pretrial management and furnishing the District Court with a memorandum and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636(b) and Special Order C-2015-1.

## II.   BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS[2]

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division.  He is currently confined at the McConnell Unit in Beeville, Texas.  Plaintiff is a 56-year old black male with a GED who works distributing hand bills, fliers and other advertising when not in custody.  Plaintiff is currently serving a four-year sentence having been convicted of retaliation.  Plaintiff has been assigned to the McConnell Unit since March 11, 2016.  Prior to arriving at the McConnell Unit, Plaintiff was in custody at the Harris County jail awaiting the disposition of the appeal of his criminal conviction.  During Plaintiff's time at the McConnell Unit, Plaintiff has worked as a utility cleaner in a building where inmates who are in administrative segregation are housed.

Plaintiff has always performed his assigned TDCJ duties as a utility cleaner.  Therefore, he has not received any disciplinary cases for refusing to work.  However,

---

[2] The background information is taken from Plaintiff's complaint (D.E. 1) and his testimony at a hearing held before the undersigned pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*). See also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).  For purposes of this memorandum and recommendation, Plaintiff's version of the facts is accepted as true.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff alleges inmates who refuse to work will be charged with prison disciplinary cases, where the punishment may include loss of good time credits, loss of commissary, telephone and recreation privileges and other punishments. Additionally, such disciplinary cases can negatively affect an inmate's ability to earn good time credits in the future and the ability to be released on parole.

Plaintiff has not received any monetary compensation for working as an inmate in TDCJ. The TDCJ does not pay inmates who work in assigned positions; rather, the TDCJ awards "good time" credit and "work time" credit to those inmates. Work time credits may result in a reduction of the inmate's sentence provided the inmate otherwise qualifies for the "work time" reduction. There are two ways in which a state prisoner becomes eligible for early release from confinement under Texas law. The first is by "parole" and the second is by "mandatory supervision" release. "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(6). Similarly, "mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." Tex. Gov't Code § 508.001(5).

One of the main differences between parole and mandatory supervision is that parole for Texas inmates is wholly discretionary, while an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the

inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson,* 475 F.3d 261, 263, n. 1 (5th Cir. 2007). However, release to mandatory supervision is not automatic. The Texas Board of Pardons and Paroles has discretion to deny mandatory supervision release to certain inmates if the panel determines that the inmate's accrued good time does not accurately reflect the inmate's potential for rehabilitation and the inmate's release would endanger the public. Tex. Gov't. Code § 508.149(b).

Certain inmates in the TDCJ are not eligible for release to mandatory supervision if they are serving a sentence for certain crimes. *See* Tex. Code Crim. Proc. art. 42.12 § 3g(a); *see also* Tex. Gov't Code § 508.149(a)(11). Plaintiff does not have a prior conviction which makes him ineligible for mandatory supervision consideration. Therefore, Plaintiff is eligible to be released to mandatory supervision and to receive the benefit of his earned "good time" and "work time" credits. However, Plaintiff's request to be released to mandatory supervision was denied by the Texas Board of Pardons and Paroles on February 17, 2015 and on January 8, 2016. (D.E. 1-4). Plaintiff filed a letter with the Texas Board of Pardons and Paroles seeking a review of its most recent decision. Plaintiff has yet to receive a response. Further, Plaintiff did not challenge the decision denying his release to mandatory supervision by filing a writ of habeas corpus.

The practical effect of this situation is Plaintiff has not yet received the benefit of his earned good time and work time credits. While the time Plaintiff has actually served in custody plus his accrued good time and work time credits exceed the length of his sentence (4 years), he has not been released because his requests to be released on mandatory supervision have been denied.

As a result, Plaintiff alleges the practice of requiring him to work without pay or other valuable consideration amounts to involuntary servitude or slavery in violation of the Thirteenth Amendment to the United States Constitution.[3] Plaintiff brings this action for injunctive relief against the following officials in their individual and official capacities: (1) Lorie Davis, Director, TDCJ-CID; (2) David Gutierrez, Chairman, Texas Board of Pardons and Paroles; and (3) Dale Wainwright, Chairman, Texas Board of Criminal Justice.

### III.  LEGAL STANDARD

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  Title 28 of the United States Code, Section 1915A imposes an obligation on federal district courts to review a prisoner's complaint as soon as practicable, before docketing if feasible, and to dismiss any claims the court finds to be frivolous, malicious, or inadequate to state a claim upon which relief may be granted.  Title 28 U.S.C. Section 1915(e)(2)(B) contains a similar mandate, requiring federal courts to dismiss a case at any time if the court determines: (1) it is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  *Jones v. Bock,* 549 U.S. 199, 214 (2007).

---

[3] The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.

The Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams,* 490 U.S. 319 (1989), the Court held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." The Court went on to say a claim is legally frivolous under Section 1915 when it is based on "an indisputably meritless legal theory." *Id.* at 327; *see also Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32–34 (1992).

An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.* A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id.,* 127 S. Ct. at 1974. Plaintiffs must state enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id.* In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez–Montez v. Allied Pilots Assoc.,* 987 F.2d

278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

## IV. DISCUSSION

### A. Plaintiff has not stated a plausible, non-frivolous constitutional violation.

Plaintiff's claims for injunctive relief against the defendants in their individual and official capacities should be dismissed because these claims are frivolous and fail to state a claim upon which relief can be granted. The Fifth Circuit has repeatedly held that claims such as Plaintiff's are not viable. *Villarreal v. Morales,* 370 Fed. App'x 542, 543 (5th Cir. 2010) ("The Thirteenth Amendment ... excepts, from the general prohibition, compelled labor as punishment for a crime. That exception applies even where the inmate, as in Villarreal's case, is not sentenced specifically to labor.") (citation omitted); *Smith v. Dretke,* 157 Fed. App'x 747, 748 (5th Cir. 2005) ("The Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard labor."); *Walton v. Texas Dep't of Criminal Justice, Inst. Div.,* 146 Fed. App'x 717, 718 (5th Cir. 2005) ("Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not specifically sentenced to hard labor."); *Ali v. Johnson,* 259 F.3d 317 (5th Cir. 2001) ("[I]nmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work."). While it is understandable Plaintiff feels aggrieved, requiring an inmate to work is not an unusual or atypical condition of confinement. *See Gill v. Texas Dep't of Criminal Justice,* No. 95–20723, 1996 WL

60544, at *2 (5th Cir. Jan. 23, 1996); *Ibarra v. Fed. Bureau of Prisons,* No. 5:12–CV–139, 2013 WL 6065445, at *3 (N.D. Tex. Nov. 18, 2013).

Plaintiff's claims are frivolous because he has raised "an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. Requiring an inmate to work without compensation does not violate the Thirteenth Amendment where the inmate is serving a custodial prison sentence after having been convicted and sentenced for a felony offense. Further, construing Plaintiff's complaint liberally and accepting his facts as true, it is clear he can prove no set of facts in support of his claim entitling him to relief. *Oliver,* 276 F.3d at 740. Plaintiff testified at the *Spears* hearing and was given a full opportunity to explain his claims and the facts supporting his claims. Those additional matters have been considered herein and there are no additional facts Plaintiff could allege which would make any of his claims viable because Plaintiff's case is based on an indisputably meritless legal theory. Therefore, the undersigned recommends dismissing Plaintiff's case with prejudice and not providing Plaintiff a further opportunity to amend or re-plead his case.

### B. Plaintiff's claims are barred by *Heck* to the extent he is seeking to challenge the denial of his release to mandatory supervision.

Plaintiff has not directly raised a claim regarding the denial of his release to mandatory supervision or that the denial violated due process. However, to the extent Plaintiff's complaint could be construed to raise such a claim, it is barred by the holding set forth in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Heck*, the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck,* 512 U.S. at 487. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of the conviction or sentence." *Id.* If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.; Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000). *Heck* also applies to claims brought by a state prisoner challenging the validity of the procedures used to deprive him of good time credits where the loss of good time credits will extend the prisoner's sentence. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Further, the Fifth Circuit has held that claims requesting immediate or speedier release to mandatory supervision are properly presented in a habeas petition. *See Kennedy v. State of Tex. Pardons and Paroles*, 136 F. Appx. 712, *713 (5th Cir. 2005).

A finding in Plaintiff's favor in the instant case would necessarily imply the invalidity of the duration of his confinement. Accordingly, Plaintiff would be entitled to proceed with his due process claim only if the decision denying the release of Plaintiff to mandatory supervision had previously been reversed or otherwise declared invalid. As the record clearly establishes Plaintiff has not successfully challenged the denial of his release to mandatory supervision, *Heck* bars him from proceeding with this Section 1983 claim to the extent he is challenging the denial of his release to mandatory supervision.

## V. RECOMMENDATION

Plaintiff's allegations, taken as true and in the light most favorable to him, are frivolous and fail to state cognizable constitutional violations under 42 U.S.C. § 1983. Thus, it is respectfully recommended that this action be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1).

ORDERED this 7th day of September, 2016.

_____
Jason B. Libby
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).